■ LAKESHORE ASSEMBLY OF GOD CHURCH, Respondent, v VILLAGE BOARD OF THE VILLAGE OF WESTFIELD et al., Appellants

Memorandum: Special Term erred in annulling the determination of the Zoning Board of Appeals and substituting its discretion for that of the Board. Courts should not disturb the determination of zoning authorities unless they are illegal, arbitrary and capricious, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). Petitioner's argument that the Board's determination is in violation of its 1st Amendment right to the free exercise of its religion is without merit. Petitioner is not prevented from religious use of its property, only limited in the size of the sign which it seeks to erect. It is wholly appropriate to impose limitations on a church property and its accessory uses when reasonably related to the general welfare of the community, including the community's interest in preserving its appearance *(see, Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283, 288-289, *cert denied* 426 US 950; *Matter of Diocese of Rochester v Planning Bd.,* 1 NY2d 508, 526). The absence of specific guidelines governing erection of signs ancillary to a church use in a residential zone does not deprive the Board of discretion to impose reasonable restrictions. The Board's general authority to interpret the regulations to achieve the overall intent of the ordinance implies the power to impose reasonable regulations upon a special use. Finally, the restrictions imposed were not arbitrary and capricious. The Board merely limited the size of petitioner's sign to 20 square feet and approved it in all other respects. Such determination reflects a reasonable accommodation of the church's request

with the concerns of the neighbors as to aesthetic and safety considerations. As such, it was a reasonable exercise of the Board's discretion. (Appeal from judgment of Supreme Court, Chautauqua County, Adams, J.—art 78.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.