OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In an article 78 proceeding in the nature of mandamus to compel, the Statute of Limitations commences running when, after a demand, a body or officer " 'refuse[s] * * * to act or to perform a duty enjoined by law’ ” (Matter of De Milio v Borghard, 55 NY2d 216, 220 [quoting Austin v Board of Higher Educ., 5 NY2d 430, 442]). In the present proceeding seeking mandamus to compel, petitioners’ claim is time barred because the proceeding was not commenced within four months from the time of respondent Department of Environmental Conservation’s (DEC) refusal to honor an alleged "non-wetlands letter” pertaining to petitioners’ land.
Here the essence of petitioners’ claim is that DEC unlawfully refused to process a State Pollution Discharge Elimination System (SPDES) permit application pending future mapping of wetlands, in derogation of a previously issued nonwetlands letter. The petition, which seeks to compel DEC to henceforth generally honor the alleged nonwetlands letter, and to refrain from further designation of wetlands on the disputed property, has as its sole basis the assertion that DEC’S refusal to process the permit application constituted a rejection of the letter.
Moreover, it is important to note that, immediately preceding DEC’S issuance of the document stating its refusal to process the SPDES permit application pending further mapping, DEC officials met with petitioners’ representatives and indicated that further wetland designations on the property were possible. Thus any statement of its intentions by DEC on the face of the document, appearing ambiguous to an outsider, could not appear unclear to one with knowledge of the recent discussions between DEC and petitioners.
*1011 In light of the allegations in the petition, and events leading up to the refusal to process the SPDES permit, we therefore conclude that under the particular circumstances of this case the refusal to process the permit pending future mapping of wetlands was an unequivocal rejection of the nonwetlands letter by DEC, and thus commenced the running of the limitations period to challenge this rejection. The present proceeding, however, was not initiated within four months of the date of the refusal to issue the permit, and thus is barred by the Statute of Limitations.