OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The respondent Zoning Board of Appeals of the Village of Croton-on-Hudson orally granted a variance to Ernest Dixon and Iris D’Alvia after a public hearing held on December 19, 1988. A copy of the minutes of this meeting reflecting the Board’s vote was filed in the office of the Village Clerk on or about January 4, 1989. On February 10, 1989, the appellant Kennedy commenced a CPLR article 78 proceeding to set aside the granting of the variance. The trial court granted respondent’s motion to dismiss the proceeding, concluding that appellant’s challenge to the granting of the variance was time-barred. The Appellate Division affirmed.
 

 Village Law § 7-712 (3) permits a person aggrieved by a zoning board of appeals decision to challenge that decision in an article 78 proceeding, but requires that the proceeding be instituted "within thirty days after the filing of a decision in the office of the village clerk.” In this case, appellant commenced the article 78 proceeding 37 days after the minutes incorporating the respondent’s decision were filed in the office of the Village Clerk.
 

 We agree with the Appellate Division that the filing of these minutes on January 4, 1989 was sufficient to begin the run
 
 *1085
 
 ning of the Statute of Limitations and that the appellant’s claim is, consequently, time-barred. That the minutes were not approved by the Board until a subsequent meeting does not affect the date of filing. Nor has petitioner shown that she was affected by any claimed "ambiguity and uncertainty” as to the date of filing allegedly created because the minutes were unsigned, or because a public agenda of the Board’s next meeting erroneously stated that the variance application was continued to a later date.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs, in a memorandum.