■ In the Matter of LAWRENCE SARF, Appellant, v WILLIAM J. GRINKER, as Commissioner of Social Services of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to pay the petitioner, as assignee of Unity Hospital, Medicaid payments allegedly owed to Unity Hospital, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Ramirez, J.), dated December 4, 1989, which, after a hearing, granted the motion of the respondent William Grinker, Commissioner of Social Services of the City of New York, to dismiss the proceeding as barred by the Statute of Limitations.

Ordered that the order and judgment is affirmed, with costs.

It is not disputed that, sometime after his demand, the petitioner was orally informed that the New York City Department of Social Services refused to pay his claim for Medicaid payments as assignee of Unity Hospital. The court conducted an evidentiary hearing to determine when that refusal had been made, and credited the testimony of the attorney for the New York City Department of Social Services. The credibility of witnesses is ordinarily a function of the trier of fact (see, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth., 46 NY2d 528). The refusal of the New York City Department of Social Services to pay the petitioner's claim, upon his demand, commenced the running of the four-month Statute of Limitations (see, Matter of Loren v Rozzi, 73 AD2d 934). Therefore, under the circumstances, the court properly determined that the petitioner had notice that his claim had been unequivocally refused to be paid more than four months before he brought this proceeding, and, therefore, the motion to dismiss the petition as time-barred was properly granted (see, CPLR 217; Matter of Waterside Assocs. v New York State Dept. of Envtl. Conservation, 72 NY2d 1009; Matter of Wildlife Assocs. v Town Bd., 141 AD2d 651). Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.