■ CHARLES REMBAR, Appellant, v DANIEL ROSE et al., Respondents. [594 NYS2d 353] —In an action for a judgment declaring that the defendants' construction on one of the three buildings on their property is in violation of the zoning ordinances of the Village of East Hampton and seeking to enjoin the violation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered February 13, 1991, which granted the defendants' motion to dismiss the complaint, *inter alia,* pursuant to CPLR 3211 (a) (5), on the ground that it was time-barred.

Ordered that the order is affirmed, with costs.

In determining the applicable period of limitations for a declaratory judgment action, the court is to consider whether "the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided," which period would then govern the declaratory judgment action *(Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202; *Koeppel v Wachtler,* 141 AD2d 613, 615). It is clear that the action at bar is essentially one wherein the plaintiff is challenging the issuance by the Village's zoning board of a special permit to the defendants. The proper procedural vehicle to make this challenge was a proceeding pursuant to CPLR article 78, governed in this instance by a 30-day Statute of Limitations *(see,* Village Law § 7-712 [3]). Since the action was not commenced within that period, it was properly dismissed. Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.