■ In the Matter of BAUMAN, TAUB & VON WETTBERG, INC., Appellant, v VILLAGE OF HAMILTON ZONING BOARD OF APPEALS, Respondent. [609 NYS2d 373] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered May 25, 1993 in Madison County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition on the ground of the Statute of Limitations.

Petitioner owns two properties in the Village of Hamilton, Madison County, for which it has, in previous years, been granted special permits to operate the structures thereon as "group residences" under the Village's zoning ordinance. Prior to 1991, these permits authorized occupancy by more than five persons in at least one unit on each property; for the year 1991-1992, however, following issuance of a letter penned by the Village Code Enforcement Officer addressing the classification of structures under the New York State Uniform Fire Prevention and Building Code (hereinafter the State Code), the Village Planning Board denied petitioner's permit applications, which sought to increase the number of occupants in one unit of each structure to six. The Planning Board denied the applications because the Code Enforcement Officer had determined that the increased occupancy required reclassification of the properties as belonging to Group B-2, transient occupancy multiple dwellings, under the State Code, and the properties do not presently meet the stringent requirements the State Code imposes on such structures.

Petitioner appealed the Planning Board's decision to respondent, which, after a hearing, confirmed the Planning Board's decision; it did so primarily on the ground that it had no jurisdiction to interpret the State Code. Respondent's formal decision, dated December 9, 1992, was filed with the Village Clerk on December 10, 1992. On January 14, 1993, petitioner brought this proceeding to annul respondent's decision and to compel renewal of the special permits. When respondent's motion to dismiss the petition was granted on the ground that it was time barred, this appeal by petitioner followed.

We affirm. Village Law § 7-712-c (1) requires that a CPLR article 78 proceeding challenging respondent's action must be brought "within thirty days after the filing of a decision of the

board in the office of the village clerk". Petitioner essentially argues that inasmuch as the actual minutes of the meeting at which the decision was made were not filed, the limitations period never began to run. Although it has been held that the filing of minutes *which incorporate a decision* satisfies the statutory mandate *(see, Matter of Kennedy v Zoning Bd. of Appeals,* 78 NY2d 1083, 1084-1085; *Matter of De Bellis v Luney,* 128 AD2d 778, 779), the statute plainly provides that the time period for commencing a review proceeding is to be measured from the filing of the decision itself, not the minutes of the meeting. The other cases relied upon by petitioner focus on whether a formal board decision was, in fact, ever made *(see, Matter of McCartney v Incorporated Vil. of E. Williston,* 149 AD2d 597, 598; *Matter of Stanley v Board of Appeals,* 168 Misc 797, 802), a prerequisite clearly met here.

To the extent that the petition can be read as asserting constitutional claims, we note that the latter are directed solely to the application of the zoning ordinance and the State Code to petitioner's properties and not to the constitutionality of the laws themselves. Claims of this nature are properly asserted as part of a CPLR article 78 proceeding *(see, Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184, 191) and, thus, were properly dismissed by Supreme Court *(see, Rembar v Rose,* 191 AD2d 487, *lv denied* 82 NY2d 653).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.