[625 NYS2d 334]

In the Matter of WELLSPRING ZENDO, INC., Appellant, v JAMES TRIPPE et al., Constituting the Town Board of the Town of Pound Ridge, et al., Respondents.

Third Department, April 13, 1995

## APPEARANCES OF COUNSEL

*Douglas R. Hoyt,* New Rochelle, for appellant.

*Bleakley Platt & Schmidt,* White Plains *(William P. Harrington* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

This appeal arises out of a lengthy dispute in which petitioner, a not-for-profit religious corporation that owns approximately 25 acres in a residential district in the Town of Pound Ridge, Westchester County, objected to the Town's attempt to create a 50-foot buffer area around any property in a residential district which is used for permitted nonresidential uses. Petitioner commenced several actions and proceedings against Town officials and respondent Town of Pound Ridge, including a Federal civil rights action which culminated in a settlement. The stipulation of settlement and general releases executed pursuant thereto specifically reserved petitioner's right to contest the proposed 50-foot buffer requirement in a CPLR article 78 proceeding "restricted to seeking only declaratory

relief as the same may deal with a 50 foot buffer * * * enacted pursuant to this Stipulation and Settlement". All other claims raised by petitioner in the action were dismissed with prejudice.

The Town subsequently enacted an amendment to its zoning ordinance which required that a 50-foot buffer screening area be maintained along all perimeter boundaries of properties used for permitted nonresidential uses in residential districts. The amendment required that existing vegetation and natural features be preserved and protected unless modified as part of a landscape plan approved by the Town Planning Board. Routine maintenance, including fertilization, removal of dead or diseased vegetation, brush clearing and the planting of supplemental or seasonal vegetation was permitted. All other construction or alterations within the buffer area required Planning Board approval.

Petitioner commenced this CPLR article 78 proceeding alleging that the zoning amendment is arbitrary, capricious and unconstitutional on various grounds. Respondents' answer asserted that as a result of the stipulation executed in the Federal action, petitioner had waived all claims except the reasonableness of the size of the buffer area. Petitioner moved to strike respondents' answer and for certain other relief. The motion was denied in an interlocutory order. Supreme Court thereafter dismissed the petition, concluding that the 50-foot buffer requirement was reasonably related to the health, safety and welfare of the Town. Petitioner appeals from the judgment.

■ Respondents contend that most of the arguments raised by petitioner in this appeal were waived either as a result of the settlement in the Federal action or by petitioner's failure to appeal from Supreme Court's interlocutory order. Inasmuch as this proceeding was commenced as a CPLR article 78 proceeding and was not converted to an action, the interlocutory order was not appealable as of right (CPLR 5701 [b] [1]). In any event, petitioner's appeal from the judgment brings the interlocutory order up for review (CPLR 5501 [a] [1]). Accordingly, respondents' reliance upon petitioner's failure to appeal the interlocutory order is misplaced.

■ As to the effect of the settlement, the scope of petitioner's challenge preserved by the stipulation is unclear, for the stipulation itself does not specify whether petitioner may challenge only the size of the buffer, as respondents claim, or

may challenge the requirement of a buffer area of any size. The ambiguity, however, was conclusively resolved at a public hearing held after the stipulation was executed and before the zoning amendment was adopted. During the hearing, one of petitioner's representatives conceded that "we would not object to a provision of a buffer of some reasonable dimension from the property line [but] the imposition of a 50-foot buffer is an unreasonable standard". Petitioner's attorney also stated that petitioner would be "happy to have a 10-foot buffer" and does not claim that site plan approval should not be required within the buffer. We conclude, therefore, that petitioner waived any claim directed at the validity of the buffer zone itself or the site plan approval requirement and is limited to challenging the size of the buffer zone created by the Town.

We reject respondents' argument that petitioner waived all constitutional claims, but for the reasons previously stated those claims are limited to those directed at the validity of the 50-foot size of the buffer, not the validity of the buffer itself. Petitioner relies upon case law and a statute which impose a heavier burden of proof to justify regulations which interfere with the free exercise of religion. There is, however, no evidence in the record that the imposition of a 50-foot screening buffer around petitioner's property, as opposed to a buffer of some smaller size, has any impact on the exercise of petitioner's religion. Petitioner's members engage in a religious practice known as work practice, which involves silent meditation in the course of working in the care and maintenance of petitioner's property. Petitioner apparently believes that the 50-foot buffer requirement imposes a substantial burden on its members' ability to engage in work practice, but petitioner submitted no evidence of such a burden. There is nothing in the record to demonstrate that the remainder of petitioner's 25-acre parcel unaffected by the 50-foot buffer is insufficient for the purposes of work practice. Nor is there anything in the record to suggest that petitioner's religious tenets require that work practice be conducted on every square inch of petitioner's property. In any event, it is clear that work practice is not precluded in the buffer area, for the zoning amendment expressly permits maintenance such as removal of diseased or dead vegetation and planting supplemental or seasonal vegetation. Petitioner's members cannot use chain saws or heavy equipment to clear vegetation or alter the terrain within the 50-foot buffer, but there is no evidence that the meditative work practice concept requires

such work. Accordingly, the heavier burden relied upon by petitioner is inapplicable *(see, Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 523-524, *cert denied* 479 US 985).

Petitioner's claim that the 50-foot buffer requirement is "exclusionary" is similarly unavailing, for it does not exclude petitioner's religious use of its property *(see, Lakeshore Assembly of God Church v Village Bd.,* 124 AD2d 972). Nor does the amendment regulate the user, instead of the property. Based upon evidence that all other property within the district which is used for permitted nonresidential uses had been completely landscaped prior to enactment of the buffer area requirement, petitioner also claims that the zoning amendment is discriminatory. According to petitioner, it is the only nonresidential user in the district whose property boundary must be kept in a natural state. Petitioner also claims discrimination in that residential users are not subject to the buffer requirement. The discrimination claims are, in our view, directed solely at the validity of the buffer requirement itself and have nothing to do with the size of the buffer. Accordingly, the claims were waived for the reasons already discussed.

We have considered petitioner's remaining claims insofar as they relate to the size of the 50-foot buffer and find them meritless. A zoning ordinance constitutes a valid exercise of a municipality's police power if the ordinance was enacted in furtherance of a legitimate governmental purpose and a reasonable relationship exists between the end sought to be achieved by the ordinance and the means used to achieve that end *(McMinn v Town of Oyster Bay,* 66 NY2d 544, 549). As the party challenging the validity of the 50-foot buffer requirement, petitioner bore a heavy burden of proof *(see, supra,* at 548), a burden which is not necessarily lessened merely because petitioner is a religious institution *(see, e.g., Province of Meribah Socy. of Mary v Village of Muttontown,* 148 AD2d 512, 515). The 50-foot buffer was enacted to preserve the residential character of the neighborhood and to prevent noise and disturbance, which are legitimate governmental purposes *(see, McMinn v Town of Oyster Bay, supra,* at 549). Petitioner's waiver of its challenge to the validity of the buffer requirement itself precludes any claim that a buffer area is not a reasonable means to protect the residential nature of the neighborhood and to prevent noise and disturbance.

We find nothing irrational in respondents' choice of a buffer,

50 feet wide, to accomplish these legitimate objectives, particularly in view of the evidence concerning earlier disputes between petitioner and one of its neighbors about petitioner's activities near the boundary. That the zoning ordinance imposes different buffer requirements in other districts does not, in our view, affect the reasonableness of the 50-foot buffer requirement in the residential district where petitioner's property is located. It is also noteworthy that as a result of the provisions which allow modification of the 50-foot buffer requirement upon Planning Board approval, the amendment does not impose an invariable requirement of 50 feet which could preclude religious uses *(cf., Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283, 289, *cert denied* 426 US 950).

■ Petitioner's arguments concerning the timeliness of the adoption of the zoning amendment and claimed procedural irregularities were properly rejected by Supreme Court. Finally, inasmuch as petitioner's challenge focuses on the application of the zoning amendment to its property, there is no need to convert this proceeding to a declaratory judgment action *(see, Matter of Bauman, Taub & Von Wettberg v Village of Hamilton Zoning Bd. of Appeals,* 202 AD2d 840, 841).

MIKOLL, J. P., WHITE, PETERS and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.