■ In the Matter of ALLENS CREEK/CORBETT'S GLEN PRESERVATION GROUP et al., Appellants, v TOWN OF PENFIELD PLANNING BOARD, Consisting of WALTER PETER et al., Respondent. [672 NYS2d 222] —Judgment unanimously reversed on the law without costs, motion denied and petition reinstated. Memorandum: On September 5, 1996, respondent, Town of Penfield Planning Board (Planning Board), adopted a resolution ap-

proving a site plan and subdivision application upon the applicant's compliance with 39 conditions. A letter notifying the applicant of the decision of the Planning Board was filed in the Town Clerk's office the following day but the minutes of the September 5th meeting of the Planning Board incorporating its resolution were not filed in the Town Clerk's office until September 11, 1996. Petitioners commenced this CPLR article 78 proceeding on October 10, 1996 to challenge approval of the site plan and subdivision application. The Planning Board moved to dismiss the proceeding, asserting that the letter "Notice of Decision" filed on September 6, 1996 constituted its "decision" and that petitioners failed to commence the proceeding within 30 days of the filing of the "Decision" with the Town Clerk, as required by Town Law § 274-a (11) and § 282.

Supreme Court erred in granting that motion. The letter "Notice of Decision" was merely notice that a decision was made. It did not set forth the conditions imposed by the Planning Board or the vote of the Planning Board. In the circumstances of this case, the minutes of the September 5th meeting of the Planning Board incorporating the resolution of the Planning Board and its vote on that resolution constitute the "decision" (*see, Matter of King v Chmielewski*, 146 AD2d 102, 105, *affd* 76 NY2d 182; *Matter of Powell v Town of Coeymans*, 238 AD2d 788; *Matter of Pickett v Town of Tusten Zoning Bd. of Appeals*, 169 AD2d 906, 907; *see also, Matter of Kennedy v Zoning Bd. of Appeals*, 78 NY2d 1083, 1084; *Matter of De Bellis v Luney*, 128 AD2d 778, 779; *cf., Matter of McCartney v Incorporated Vil. of E. Williston*, 149 AD2d 597, 598). The proceeding was timely commenced within 30 days of the filing of those minutes with the Town Clerk (*see,* Town Law § 274-a [11]; § 282). (Appeal from Judgment of Supreme Court, Monroe County, Polito, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Pigott, Jr., and Balio, JJ.