OPINION OF THE COURT
Patrick H. NeMoyer, J.
Petitioner Monteo Construction Company (Monteo) entered into a contract with respondents Joseph N. Giambra and the City of Buffalo (City) to construct a new police precinct building at Fillmore and Ferry Streets in the City of Buffalo. The contract specifically sets a retention amount of 10% but also states that all current and future State laws and City ordinances shall govern the construction of the contract.
Monteo asserts that the latter provision requires adherence to General Municipal Law § 106-b, which limits the retention amount in municipal construction contracts to 5% when a performance and payment bond are required. The contract expressly provides for a performance bond. In a separate section entitled “Bond to Accompany Contract,” the contract requires Monteo to pay for all materials used and services rendered, which, according to Monteo, amounts to a performance and payment bond and led Monteo to secure such a bond in the amount of $2,600,000. Additionally, Monteo argues that the contractual reference to the laws of New York encompasses, by reference, State Finance Law § 137, which requires a payment bond on municipal construction contracts.
The City counters that: the contract specifications do not include a labor and material bond and therefore the requirements for a 10% retention in General Municipal Law § 106-b have been met; this case is a dispute over contractual obligations and is thus not appropriate for a CPLR article 78 proceed *972 ing; and, if the case is appropriate for an article 78 proceeding, then the action is time barred because it was not brought within the four-month Statute of Limitations period in CPLR 217.
The legislative history of General Municipal Law § 106-b reveals its clear intent to protect contractors from the undue burden of excessive retention percentages being placed on municipal contracts. (See, Bill Jacket, L 1978, ch 769.) That the special interests representing the construction groups aggressively supported this legislation while the municipalities actively opposed it is testament to its intent and significance as a protective measure for construction companies doing business with municipalities. As a result, all companies entering into municipal construction contracts that are governed by the laws of New York do so with the security and expectation that they will not be subject to retention amounts greater than those contained in General Municipal Law § 106-b.
With this in mind, any reference to the laws of the State of New York must encompass the protections in section 106-b and supercede contractual provisions to the contrary. Similarly, this general reference invokes the requirement in State Finance Law § 137 that a payment bond be provided on all City contracts, thus satisfying the requirement of General Municipal Law § 106-b limiting the retention amount to 5% rather than 10%.
Despite the City’s characterization of this case as a contract dispute, this action seeks to compel the City to abide by applicable State municipal law in limiting its retention to the statutorily prescribed amount of 5%. As a result, the nature of this case places it within the ambit of a mandamus to compel in that the petitioner is seeking to compel a municipality to perform a duty that is enjoined by law. In such cases, the four-month Statute of Limitations in CPLR 217 begins to run on the date that the municipality refuses to perform the alleged duty. (See, Matter of Peters v Langford-New Oregon Volunteer Fire Co., 181 AD2d 1034 [4th Dept 1992]; Matter of Sarf v Grinker, 185 AD2d 890 [2d Dept 1992].)
After repeated communications from Monteo to the City to reduce the retention amount from 10% to 5% pursuant to General Municipal Law § 106-b, the City sent a letter dated May 15, 2000 advising the plaintiff of their refusal to adhere to this request, thus beginning the Statute of Limitations. This action *973 was then brought on May 30, 2000. Therefore, this action was commenced within the four-month statutory period for article 78 proceedings in CPLR 217.