In the Matter of MICHAEL W. SULLIVAN, as Trustee Under the Maria E. Matala-Sullivan Living Trust, et al., Appellants, v DANIEL DUNN et al., Comprising the Zoning Board of Appeals of the Town of West Seneca, et al., Respondents. [747 NYS2d 666] —Appeal from a judgment (denominated order)

of Supreme Court, Erie County (Glownia, J.), entered November 28, 2001, which granted respondent Ralph C. Lorigo's motion and dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the petition is reinstated.

Memorandum: At a meeting held on July 25, 2001, the Zoning Board of Appeals of the Town of West Seneca (Zoning Board) granted the application of Ralph C. Lorigo (respondent) for a variance to construct a residence on property that he owned. By letter dated August 2, 2001, the Zoning Board advised respondent that it had granted the variance, but the letter did not indicate the vote of each member of the Zoning Board. A copy of that letter was placed in the Town Clerk's file. The minutes of the July 25th meeting, which indicate the vote of each member of the Zoning Board on respondent's application, were approved and filed at the next meeting of the Zoning Board on August 22, 2001. On September 21, 2001, petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of the Zoning Board. Supreme Court granted respondent's motion and dismissed the petition on the ground that the proceeding was not timely commenced. We reverse.

Pursuant to Town Law § 267-c (1), a CPLR article 78 proceeding brought by an aggrieved person to challenge a decision of a zoning board of appeals must be commenced "within thirty days after the filing of a decision of the board in the office of the town clerk." In support of the motion to dismiss, respondent contended that the filing of the letter informing him of the Zoning Board's decision commenced the running of the statute of limitations, and that this proceeding, which was commenced more than 30 days after that letter was filed, was untimely. We reject that contention. The letter, which did not indicate the vote of each member of the Zoning Board, was merely notice that a decision had been made (*see Matter of Allens Cr./Corbett's Glen Preservation Group v Town of Penfield Planning Bd.*, 249 AD2d 921, 922).

We agree with petitioners that the minutes of the meeting of the Zoning Board setting forth the votes of each member on respondent's application for a variance constitute the decision of the Zoning Board and that the filing of those minutes incorporating the decision of the Zoning Board commenced the running of the statute of limitations (*see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson*, 78 NY2d 1083, 1084-1085; *see also Matter of Bauman, Taub &*

*Von Wettberg v Village of Hamilton Zoning Bd. of Appeals*, 202 AD2d 840, 841; *Matter of Casolaro v Zoning Bd. of Appeals of Vil. of Elmsford*, 200 AD2d 742). Pursuant to Town Law § 267-a (1), a zoning board of appeals must keep minutes of its proceedings "showing the vote of each member upon every question." The failure to comply with the mandate of Town Law § 267-a (1) constitutes a jurisdictional defect and the statute of limitations does not begin to run upon the filing of such a jurisdictionally defective document (*see Matter of McCartney v Incorporated Vil. of E. Williston*, 149 AD2d 597, 597-598; Rice, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 61, Town Law § 267-c, 2002 Supp Pamph, at 265). Here, however, the minutes of the July 25th meeting properly indicate the vote of each member of the Zoning Board on respondent's application (*see Allens Cr. / Corbett's Glen Preservation Group*, 249 AD2d at 922), whereas the letter to respondent does not. Thus, we conclude that this CPLR article 78 proceeding was timely commenced within 30 days of the filing of those minutes with the Town Clerk (*see* Town Law § 267-c [1]; *Allens Cr. / Corbett's Glen Preservation Group*, 249 AD2d at 922). We therefore reverse the judgment, deny respondent's motion and reinstate the petition. Present—Pigott, Jr., P.J., Wisner, Scudder and Burns, JJ.