■ ROBERT G. MERRILL et al., Appellants, v FRIENDS ACADEMY, Respondent. [748 NYS2d 163] —In an action, inter alia, for a judgment declaring that certain of the defendant's buildings

violate the Zoning Ordinance of the City of Glen Cove, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Dunne, J.), entered August 22, 2001, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that certain of the defendant's buildings do not violate the Zoning Ordinance of the City of Glen Cove.

In January 1997, after a public hearing on the matter, the Planning Board of the City of Glen Cove (hereinafter the Planning Board) approved an amended site plan submitted by the defendant for the construction, inter alia, of theater and library buildings on its property. In May 1999 and August 2000, the City of Glen Cove issued certificates of occupancy for the buildings. In or about April 2001, the plaintiffs commenced the instant action, inter alia, for a judgment declaring that, as presently constructed, the two buildings violate the Zoning Ordinance of the City of Glen Cove.

The Supreme Court properly granted the defendant's motion to dismiss the complaint. It is well settled that "to determine the [s]tatute of [l]imitations applicable to a particular declaratory judgment action, the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' (*Solnick v Whalen*, 49 NY2d 224, 229). If the court determines that the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs the declaratory judgment action" (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202; *see Rembar v Rose*, 191 AD2d 487; *Fairris v Town of Washington Planning Bd.*, 167 AD2d 368). Contrary to their assertion on appeal, the plaintiffs are clearly challenging the Planning Board's 1997 approval of the defendant's amended site plan in their declaratory judgment cause of action and remaining ancillary causes of action. This should have been challenged in a proceeding pursuant to CPLR article 78, governed under these circumstances by a 30-day limitations period (*see* General City Law § 81-c [1]). Since the plaintiffs never did so, the instant action is untimely (*see Matter of Save the Pine Bush v City of Albany, supra; Rembar v Rose, supra; Fairris v Town of Washington Planning Bd., supra*).

In light of this determination, we need not address the plaintiffs' remaining contentions.

We note that since this is a declaratory judgment action, the

matter must be remitted for the entry of a judgment declaring that certain of the defendant's buildings do not violate the Zoning Ordinance of the City of Glen Cove. Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.