In the Matter of SCOTT D. MOSHER et al., Appellants, v TOWN OF SOUTHPORT ZONING BOARD OF APPEALS et al., Respondents. [772 NYS2d 640]—

Carpinello, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered December 13, 2002 in Chemung County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time-barred.

Petitioners commenced this CPLR article 78 proceeding to challenge the approval by respondent Town of Southport Zoning Board of Appeals (hereinafter ZBA) of a use variance sought by respondent Cheryl A. Westervelt. The ZBA considered and approved Westervelt's application at its May 15, 2002 meeting, and the draft minutes of this meeting were filed with the Town Clerk on or about June 4, 2002. These minutes received final approval by the ZBA at its subsequent June meeting. Petitioners commenced this proceeding on July 17, 2002. Supreme Court found that the proceeding had been brought more than 30 days after the filing of the draft minutes and dismissed the petition as time-barred. Petitioners appeal, and we affirm.

Town Law § 267-c (1) provides that a CPLR article 78 proceeding challenging a decision of a zoning board of appeals must be commenced "within thirty days after the filing of a decision of

the board in the office of the town clerk." This statute of limitations begins to run when the challenged decision becomes final and binding on the board (*see Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744, 745-746 [2003]; *Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton*, 279 AD2d 756, 758 [2001]). The filing of draft minutes memorializing a board determination is sufficient to start the running of the statute of limitations even if the minutes must be approved at a future meeting (*see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson*, 78 NY2d 1083, 1084-1085 [1991]). Thus, the 30-day limitations period began to run here when the draft minutes of the May 15, 2002 meeting were filed on June 4, 2002.

Petitioners, however, maintain that the limitations period was not triggered by the filing of the draft minutes, contending that the draft was jurisdictionally defective because it failed to indicate how each member of the ZBA voted on the use variance as required by Town Law § 267-a (1) (*see Matter of Cuyle v Town Bd. of Town of Oxford*, 301 AD2d 838, 839 [2003], *lv denied* 100 NY2d 501 [2003]; *Matter of Sullivan v Dunn*, 298 AD2d 974, 976 [2002]). We disagree. The draft minutes clearly set out the name of each member of the ZBA who was present at the meeting and stated that the motion to grant the variance was "[u]nanimously approved."

Nor is the ZBA estopped from raising a timeliness defense. An estoppel defense is generally unavailable against a municipality (*see Matter of Gelbard v Board of Zoning Appeals of Inc. Vil. of New Hyde Park*, 238 AD2d 419, 420 [1997], *lv denied* 91 NY2d 807 [1998]) and, in any event, requires a showing of "inducement 'by fraud, misrepresentations or deception to refrain from filing a timely action' " (*Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, *supra* at 746, quoting *Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). Petitioners claim that their counsel was told by the Town Clerk's office that the ZBA's decision would not become final and binding until the minutes of the May 15, 2002 meeting were approved at the ZBA's June meeting. Tellingly, though, petitioners do not allege that the ZBA engaged in fraud, deceit or misrepresentation in order to induce petitioners to delay commencement of this proceeding. As such, their estoppel claim must fail as well.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.