■ In the Matter of R & V DEVELOPMENT, LLC, Appellant, v TOWN OF ISLIP, ZONING BOARD OF APPEALS, Respondent. [826 NYS2d 579]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals, dated November 30, 2004, denying a rehearing of an application for certain area variances, and to compel the Town of Islip Zoning Board of Appeals to further consider the application, and an action, inter alia, for a judgment declaring that the Town of Islip Zoning Board of Appeals acted unlawfully, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered September 23, 2005, which, upon an order of the same court dated July 21, 2005 granting the motion of the Town of Islip Zoning Board of Appeals to dismiss the petition as time-barred, dismissed the petition as time-barred.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly determined that the petitioner's proceeding challenging the discretionary determination of the Town of Islip Zoning Board of Appeals (hereinafter the Zoning Board) to treat the petitioner's application as one for a rehearing and to deny it, and for a judgment compelling the Zoning

Board to further consider the application, was barred by the expiration of the 30-day statute of limitations set forth in Town Law § 267-c (1) (*see e.g. Matter of Vega v Scheyer*, 18 AD3d 664 [2005]; *Matter of Platzman v Munno*, 282 AD2d 539 [2001]; *Matter of Ficalora v Planning Bd. of Town of E. Hampton*, 262 AD2d 320 [1999]). Contrary to the petitioner's contention, the Zoning Board did not fail to perform a ministerial duty (*see generally New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]), nor did its conduct constitute a continuing wrong which could be sued upon at any time (*see Matter of Waterside Assoc. v New York State Dept. of Envtl. Conservation*, 127 AD2d 663 [1987], *affd* 72 NY2d 1009 [1988]). Furthermore, the petitioner's claim for declaratory relief could properly be raised and considered in the context of its proceeding pursuant to CPLR article 78 (*see Matter of Anello v Zoning Bd. of Appeals of Vil. of Dobbs Ferry*, 89 NY2d 535 [1997], *cert denied* 521 US 1132 [1997]; *Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344, 352 [1996]; *Matter of Mangan v Cianciulli*, 19 AD3d 598 [2005]). Accordingly, under the circumstances presented, that claim similarly was governed by the 30-day limitations period, and was untimely (*see Solnick v Whalen*, 49 NY2d 224 [1980]; *Merrill v Friends Academy*, 298 AD2d 439 [2002]; *Sirianno v New York RSA No. 3 Cellular Partnership*, 284 AD2d 913 [2001]; *cf. Matter of Castroll v Incorporated Vil. of Head of Harbor*, 2 AD3d 443 [2003]). Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.