In the Matter of 92 MM MOTEL, INC., et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF NEWBURGH et al., Respondents. [933 NYS2d 881]—

A proceeding pursuant to CPLR article 78 seeking review of any determination of a zoning board of appeals ''shall be

instituted within thirty days after the filing of a decision of the board in the office of the town clerk" (Town Law § 267-c [1]). Likewise, a proceeding challenging a determination based on alleged violations of SEQRA is to be commenced within the applicable 30-day limitations period following "a decision that renders final the consideration of SEQRA issues" (*Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland*, 220 AD2d 90, 94 [1996] [internal quotation marks omitted]). The minutes of a meeting, in which a determination is made and each board member's vote is set forth, constitutes the decision of a zoning board of appeals, and the filing of those minutes commences the running of the statute of limitations (*see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson*, 78 NY2d 1083, 1084-1085 [1991]; *Matter of Mosher [Town of Southport Zoning Bd. of Appeals]*, 5 AD3d 840, 841 [2004]; *Matter of Sullivan v Dunn*, 298 AD2d 974 [2002]; *Matter of Casolaro v Zoning Bd. of Appeals of Vil. of Elmsford*, 200 AD2d 742 [1994]).

Here, the 30-day limitations period of Town Law § 267-c (1) commenced to run on June 10, 2010, when the minutes of the ZBA's meeting of May 27, 2010, were filed in the office of the Town Clerk. The petitioners untimely commenced the proceeding more than 30 days later, on July 26, 2010. Contrary to the petitioners' contention, their allegation that the ZBA made an erroneous SEQRA determination failed to establish a jurisdictional defect which tolled the limitations period (*see 420 Tenants Corp. v EBM Long Beach, LLC*, 41 AD3d 641, 643 [2007]). Accordingly, the Supreme Court properly granted the respondents' motions pursuant to CPLR 3211 (a) (5) to dismiss the proceeding as time-barred and dismissed the proceeding, with prejudice. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.