In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent/defendant Village of Head of the Harbor Planning Board dated January 11, 2011, which, after a hearing, granted the application of the respondents/defendants Louis Maddaloni and Laura Maddaloni for site plan approval for the construction of a new single-family residence, and action, inter alia, for a judgment declaring, inter alia, that certain variances purportedly necessary for the construction project may not be issued as a matter of law, the petitioners/plaintiffs Elizabeth Shepherd and Peter Shepherd appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated September 6, 2011, as granted those branches of the motion of the respondents/defendants Village of Head of the Harbor, Village of Head of the Harbor Planning Board, and Village of Head of the Harbor Zoning Board of Appeals, and the separate motion of the respondents/defendants Louis Maddaloni and Laura Maddaloni, which were pursuant to CPLR 3211 (a) to dismiss the second, third, and fourth causes of action insofar as asserted against each of them.
Ordered that the notice of appeal from so much of the order as granted those branches of the separate motions which were to dismiss the second and third causes of action is deemed to be *902 an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions which were to dismiss the second cause of action, and substituting therefor provisions denying those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, and the time for the respondents/defendants to serve and file an answer to the second cause of action is extended until 20 days after service upon them of a copy of this decision and order (see CPLR 7804 [f]).
Louis Maddaloni and Laura Maddaloni own a parcel of residential property abutting Stony Brook Harbor and located in the Village of Head of the Harbor (hereinafter the Village). In 2007, the Maddalonis submitted a site plan application to the Village for the demolition of the existing residence on the property and the construction of a new single-family residence with a pool and pool house. In accordance with the Code of the Village of Head of the Harbor (hereinafter the Village Code), the site plan application was reviewed by the Joint Village Coastal Management Commission (hereinafter the JCC), a body created by the Village and the Village of Nissequogue to review municipal actions for consistency with their adopted Local Waterfront Revitalization Program (hereinafter LWRP) (see Village Code §§ 81-1, 81-36). The JCC, acting in an advisory capacity (see Village Code § 81-18), found that the site plan was inconsistent with the LWRP
The Village Planning Board, the agency responsible for making a finding as to the site plan’s consistency with the LWRP (see Village Code §§ 81-14 [A]; 81-15 [A]), disagreed with the JCC’s finding of inconsistency. Pursuant to Village Code § 81-30 (H), this disagreement caused “the matter [to] be referred to the Village Board of Trustees for final resolution.” At a meeting on October 13, 2010, the Board of Trustees adopted a resolution determining that the site plan was consistent with the LWRP
Thereafter, the Planning Board held a public hearing on the Maddalonis’ site plan application. At a meeting on January 11, 2011, the Planning Board granted site plan approval. By letter dated January 25, 2011, the Chairman of the Planning Board informed Louis Maddaloni that the Planning Board approved the site plan, subject to 11 enumerated conditions. A copy of the letter was filed with the Village Clerk on January 31, 2011.
*903 On March 10, 2011, three neighbors who own property-adjacent to or across the street from the Maddalonis’ property, and Elizabeth Shepherd and Peter Shepherd, who reside one half mile away from the Maddalonis on property located on Stony Brook Harbor, commenced this hybrid proceeding and action, among other things, to review the Planning Board’s determination to grant site plan approval. The petitioners/plaintiffs alleged, in their second cause of action, that the site plan approval was arbitrary and capricious because the proposed construction project violated Village Code provisions concerning setback requirements and vegetation-clearing limitations. In their third cause of action, they challenged the finding of consistency with the LWRP As a fourth cause of action, they sought a judgment declaring that the Maddalonis were not entitled to certain variances from the setback requirements and clearing limitations purportedly necessary for the construction project. Prior to answering the petition/complaint, the Village, the Planning Board, and the Village Zoning Board of Appeals (hereinafter collectively the Village respondents) moved, and the Maddalonis separately moved, inter alia, pursuant to CPLR 3211 (a) (3), (5) and (7) to dismiss the petition/complaint for lack of standing, as time-barred, and for failure to state a cause of action. The Supreme Court granted, inter alia, those branches of the motions which were to dismiss the second, third, and fourth causes of action, and the Shepherds appeal.
The Supreme Court properly granted that branch of the separate motions which was to dismiss the third cause of action, which sought review of the finding of consistency with the LWRP, as time-barred by the applicable four-month statute of limitations (see CPLR 217 [1]). The consistency determination of the Board of Trustees pursuant to Village Code § 81-30 (H), made on October 13, 2010, was a final and binding determination that began the running of the four-month limitations period (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; Matter of Lagin v Village of Kings Point Comm. of Architectural Review, 62 AD3d 709, 710 [2009]). Accordingly, the third cause of action, commenced on March 10, 2011, was untimely.
Furthermore, the Supreme Court properly granted that branch of the separate motions which was to dismiss, as unripe, the fourth cause of action, which was for a judgment declaring that the Maddalonis are not entitled to certain variances purportedly necessary for the construction project. “The ‘justiciable controversy’ upon which a declaratory judgment may be rendered requires . . . that the controversy involve present, *904 rather than hypothetical, contingent or remote, prejudice to plaintiffs” (American Ins. Assn. v Chu, 64 NY2d 379, 383 [1985], cert denied 474 US 803 [1985]). “In order to be amenable to declaratory relief, ‘[t]he dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination’ ” (Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d 840, 841 [2012], quoting Waterways Dev. Corp. v Lavalle, 28 AD3d 539, 540 [2006]). In general, “[t]he doctrine of exhaustion of administrative remedies applies to actions for declaratory judgments” (Town of Oyster Bay v Kirkland, 81 AD3d 812, 815 [2011], affd 19 NY3d 1035 [2012]). Here, the Maddalonis have not made an application for variances, and the Village Zoning Board of Appeals has not issued a final determination on any variance application with respect to the proposed construction project. Thus, the claim is not ripe for judicial review, and there is no justiciable controversy upon which the court may properly render a declaratory judgment (see Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d at 842; Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn., 71 AD3d 679, 680-681 [2010]; Ashley Bldrs. Corp. v Town of Brookhaven, 39 AD3d 442, 443 [2007]; Waterways Dev. Corp. v Lavalle, 28 AD3d at 540-541).
However, the Supreme Court improperly granted that branch of the separate motions which was to dismiss, as time-barred, the second cause of action, which sought review of the Planning Board’s determination to grant site plan approval. Pursuant to Village Law § 7-725-a (11), a proceeding pursuant to CPLR article 78 to challenge a planning board’s decision on a site plan application must be commenced “within thirty days after the filing of a decision by such board in the office of the village clerk.” Contrary to the contentions of the Village respondents and the Maddalonis, the letter informing Louis Maddaloni that the Planning Board approved the site plan, filed with the Village Clerk on January 31, 2011, does not constitute a decision for purposes of the 30-day statute of limitations (see Matter of Sullivan v Dunn, 298 AD2d 974, 975 [2002]; Matter of Allens Cr./Corbett’s Glen Preserv. Group v Town of Penfield Planning Bd., 249 AD2d 921, 922 [1998]). The letter, which did not indicate the vote of the Planning Board’s members, “was merely notice that a decision had been made” (Matter of Sullivan v Dunn, 298 AD2d at 975; see Matter of Allens Cr./Corbett’s Glen Preserv. Group v Town of Penfield Planning Bd., 249 AD2d at 922).
The Village respondents have not submitted a document that *905 could be construed as the Planning Board’s decision itself (cf. Matter of Rose Woods, LLC v Weisman, 85 AD3d 801, 803 [2011]; Matter of Arrandale Civic Assn. v Zoning Bd. of Appeals of Vil. of Great Neck, 27 AD3d 732, 732-733 [2006]; Matter of Ramapo Homeowners Assn. v Planning & Zoning Bd. of Town of Ramapo, 2 AD3d 530, 530 [2003]; Matter of Bauman, Taub & Von Wettberg v Village of Hamilton Zoning Bd. of Appeals, 202 AD2d 840, 841 [1994]). The only document in the record that could constitute the Planning Board’s decision is the minutes from the meeting on January 11, 2011, which contains the text of the resolution approving the site plan application and indicates that the resolution was unanimously adopted by the Board members present (see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson, 78 NY2d 1083, 1084-1085 [1991]; Matter of King v Chmielewski, 76 NY2d 182, 186 [1990]; Matter of 92 MM Motel, Inc. v Zoning Bd. of Appeals of Town of Newburgh, 90 AD3d 663, 664 [2011]; Matter of Mosher [Town of Southport Zoning Bd. of Appeals], 5 AD3d 840, 841 [2004]; Matter of Casolaro v Zoning Bd. of Appeals of Vil. of Elmsford, 200 AD2d 742, 742 [1994]). Since there is no indication on the copy of the minutes in the record as to when, or even if, it was filed with the Village Clerk, and the Village respondents have offered no evidence by way of affidavit indicating when or if the minutes were filed, the 30-day limitations period did not begin to run before this matter was commenced on March 10, 2011. Accordingly, the second cause of action is not time-barred by Village Law § 7-725-a (11).
Furthermore, the Supreme Court erred in determining that the Shepherds lacked standing to challenge the site plan approval. Contrary to the contention of the Village respondents and the Maddalonis, the Shepherds are not precluded from challenging the site plan approval on the ground that they did not actively participate in the administrative proceeding. The objections to the Planning Board’s determination that they raise in this matter were specifically advanced by an attorney representing the three other petitioners/plaintiffs during the administrative proceeding (see Matter of Youngewirth v Town of Ramapo Town Bd., 98 AD3d 678, 680-681 [2012]; Matter of Shapiro v Town of Ramapo, 98 AD3d 675, 678 [2012]; cf. Matter of Miller v Kozakiewicz, 300 AD2d 399, 400 [2002]; Matter of Schodack Concerned Citizens v Town Bd. of Town of Schodack, 148 AD2d 130, 135 [1989]; Aldrich v Pattison, 107 AD2d 258, 267-268 [1985]). Moreover, the Shepherds established their standing to challenge the site plan approval by alleging “direct harm, injury that is in some way different from that of the public at large” (Society of Plastics Indus. v County of Suffolk, 77 *906 NY2d 761, 774 [1991]). Their allegations that the approved construction project will harm their regular use, enjoyment, and interest in protecting the ecological health of Stony Brook Harbor, which is adjacent to their property, are sufficient to confer standing (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 304-306 [2009]).
Moreover, the second cause of action was sufficiently pleaded (see CPLR 3211 [a] [7]).
To the extent that the Supreme Court, as an alternative ground for dismissal, reached the merits of the Shepherds’ challenge to the site plan approval before the respondents/defendants served and filed an answer to this cause of action, this was improper (see CPLR 7804 [f]). On the appellate record before us, it cannot be said that “the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer” (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]; see Matter of Youngewirth v Town of Ramapo Town Bd., 98 AD3d at 681; cf. Matter of Shellfish, Inc. v New York State Dept. of Envtl. Conservation, 76 AD3d 975, 978-979 [2010]; Matter of Laurel Realty, LLC, v Planning Bd. of Town of Kent, 40 AD3d 857, 860 [2007]).
The parties’ remaining contentions are either academic in light of our determination or without merit.
Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a determination on the merits of the second cause of action after the respondents/defendants serve and file their answers to this cause of action. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.