Rose, J.
Appeal from a judgment of the Supreme Court (Platkin, J.), entered October 20, 2015 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Respondents Catamount Development Corporation and Rock Solid Development, LLC applied to respondent Town of Copake Planning Board for site plan and subdivision approval to construct a resort hotel on a parcel of property owned by Catamount and located in the Town of Copake, Columbia County. The Planning Board declared itself the lead agency for environmental review under the State Environmental Quality Review Act (see ECL art 8) and, after determining that there would be no significant adverse environmental impact caused by the project, voted to issue a negative declaration. Thereafter, the Planning Board granted the applications for subdivision and site plan approval in July and August 2014, respectively.* In October 2014, petitioners, who own and operate an inn and restaurant on property adjacent to the proposed resort hotel, commenced this CPLR article 78 proceeding challenging the Planning Board’s issuance of a negative declaration and site plan and subdivision approval. Respondents each answered, and Supreme Court then determined, in a detailed and thorough decision, that this proceeding was time-barred and petitioners had failed to establish that the doctrine of equitable estoppel applied. Accordingly, Supreme Court dismissed the petition, and this appeal ensued.
Petitioners do not dispute that they failed to commence this proceeding within the time frame set forth in Town Law § 282. Instead, they argue that respondents should be equitably estopped from raising a statute of limitations defense because the delay in commencing this proceeding was a result of a misrepresentation by the Planning Board. Our review of the record, however, confirms Supreme Court’s finding that the Plan *1337 ning Board’s erroneous statement “does not rise to the level necessary to implicate the exception where estoppel may be invoked against a [municipality]” (Matter of Atlantic States Legal Found., Inc. v New York State Dept. of Envtl. Conservation, 119 AD3d 1172, 1173 [2014]; see Matter of Mosher [Town of Southport Zoning Bd. of Appeals], 5 AD3d 840, 841 [2004]; Matter of Gelbard v Board of Zoning Appeals of Inc. Vil. of New Hyde Park, 238 AD2d 419, 420 [1997], lv denied 91 NY2d 807 [1998]). In any event, the record further demonstrates that any reliance by petitioners on the misstatement by the Planning Board was not “reasonable or justified” (Stone Bridge Farms, Inc. v County of Columbia, 88 AD3d 1209, 1213 [2011]). Accordingly, Supreme Court properly rejected petitioners’ equitable estoppel claim and dismissed the petition as time-barred.
As a result of this determination, we need not address petitioners’ remaining contentions.
McCarthy, J.P., Garry, Mulvey and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 The site plan approval was conditioned upon, among other things, Rock Solid obtaining a special use permit from the Town of Copake Zoning Board of Appeals. Ultimately, the Zoning Board granted Rock Solid’s application for a special use permit, and petitioners thereafter challenged that determination in a separate CPLR article 78 proceeding (Matter of Alper Rest Inc. v Town of Copake Zoning Bd. of Appeals, 149 AD3d 1337 [2017] [decided herewith]).