Matter of Greenville Fire Dist. v Zoning Bd. of Appeals of the Town of Greenburgh (2022 NY Slip Op 01023)





Matter of Greenville Fire Dist. v Zoning Bd. of Appeals of the Town of Greenburgh


2022 NY Slip Op 01023


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-01556
 (Index No. 62209/17)

[*1]In the Matter of Greenville Fire District, et al., appellants,
v
Zoning Board of Appeals of the Town of Greenburgh, et al., respondents.


Keane & Beane, P.C., White Plains, NY (Jennifer L. Gray, Drew Victoria Gamils, and Judson K. Siebert of counsel), for appellants.
Timothy W. Lewis, Town Attorney, Greenburgh, NY (Edward M. Lieberman of counsel), for respondent Zoning Board of Appeals of the Town of Greenburgh.
Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh, Mathew T. Dudley, and Bleakley Platt & Schmidt, LLP [Lino J. Sciarretta], of counsel), for respondent Formation-Shelbourne Senior Living Services, LLC.
Bertine, Hufnagel, Headley, Zeltner, Drummond & Dohn, LLP, Scarsdale, NY (John J. Hughes of counsel), for respondent Alfred H. Krautter.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review (1) a determination of the Board of Zoning Appeals of the Town of Greenburgh, which granted the application of the respondent Formation-Shelbourne Senior Living Services, LLC, for certain area variances related to the proposed construction of an assisted living facility, and (2) a determination of the same board which adopted a conditioned negative declaration under the New York State Environmental Quality Review Act (ECL art 8), the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated December 7, 2017. The order and judgment granted the respondents' separate motions pursuant to CPLR 3211(a) to dismiss the petition as time-barred, in effect, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs.
The respondent Formation-Shelbourne Senior Living Services, LLC (hereinafter Formation-Shelbourne) is the prospective purchaser of certain property owned by the respondent Alfred H. Krautter and located on Underhill Road in the Town of Greenburgh. Formation-Shelbourne applied for area variances in relation to its proposed construction of an assisted living facility on the property. The respondent Zoning Board of Appeals of the Town of Greenburgh (hereinafter the ZBA) held a series of public meetings in connection with the project, and declared its intent to serve as lead agency under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) for the application to develop the property. The petitioners submitted letters objecting to the project. On April 20, 2017, the ZBA, as lead agency, voted to adopt a Conditioned [*2]Negative Declaration (hereinafter the CND) pursuant to SEQRA, which was filed with the Town Clerk on April 24, 2017. At a meeting held on June 22, 2017, the ZBA voted to conditionally grant the requested area variances from former Town of Greenburgh Code § 285-10A(4)(f)(1) and (14), authorizing construction of the project on a site which was less than four acres in size and more than 200 feet from a state or county right-of-way. On June 27, 2017, the results of the June 22, 2017 meeting were filed with the Town Clerk, memorializing the determination and recording the vote of each board member. On July 13, 2017, the ZBA filed a certification of decision, which set forth the ZBA's findings.
On August 11, 2017, the petitioners commenced this CPLR article 78 proceeding to annul the ZBA's adoption of the CND and its determination granting the area variances. The respondents separately moved pursuant to CPLR 3211(a) to dismiss the petition, inter alia, on the ground that it was time-barred. The Supreme Court granted the respondents' motions, denied the petition as time-barred, and dismissed the proceeding. The petitioners appeal.
A CPLR article 78 proceeding challenging a zoning board "determination based on alleged violations of SEQRA is to be commenced within the applicable 30-day limitations period following 'a decision that renders final the consideration of SEQRA issues'" (Matter of 92 MM Motel, Inc. v Zoning Bd. of Appeals of Town of Newburgh, 90 AD3d 663, 664, quoting Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland, 220 AD2d 90, 94). Here, the Supreme Court properly determined that the petitioners' challenge to the ZBA's adoption of the CND became ripe for review, and the limitations period began to run, at the time the ZBA granted the requested area variances (see Matter of Patel v Board of Trustees of Inc. Vil. of Muttontown, 115 AD3d 862, 864).
Contrary to the petitioners' contention, their challenge to the ZBA's issuance of the area variances, as well as to the ZBA's adoption of the CND, was untimely. Any such challenge had to be instituted within 30 days after the ZBA's determination was filed in the office of the Town Clerk (see Town Law § 267-c; CPLR 217). Here, that period began to run on June 27, 2017, upon the filing of the ZBA's meeting results, which memorialized the ZBA's determination and recorded the vote of each of its members. Since this proceeding was commenced more than 30 days later, on August 11, 2017, dismissal of the proceeding was proper (see Matter of Leitner v Town of Oyster Bay Planning & Dev. Dept., 143 AD3d 986, 987; Matter of 92 MM Motel, Inc. v Zoning Bd. of Appeals of Town of Newburgh, 90 AD3d at 664; Matter of Arrandale Civic Assn. v Zoning Bd. of Appeals of Vil. of Great Neck, 27 AD3d 732, 733).
In light of our determination, we do not reach the respondents' remaining contention.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court