■ In the Matter of ONTARIO HEIGHTS HOMEOWNERS ASSOCIATION et al., Appellants, v TOWN OF OSWEGO PLANNING BOARD et al., Respondents. [908 NYS2d 514]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered September 24, 2009 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, dismissed the petition.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the petition with respect to petitioner William Dunsmoor is reinstated,

and the matter is remitted to Supreme Court, Oswego County, for further proceedings in accordance with the following memorandum: Petitioner William Dunsmoor filed a pro se notice of appeal from a judgment that, inter alia, determined that petitioners lacked standing to challenge the determination of respondent Town of Oswego Planning Board (Planning Board) with respect to a proposed development on County Route 7 in Oswego. We note at the outset that, although Dunsmoor's notice of appeal purports to be on behalf of all three petitioners, Dunsmoor was without authority to take an appeal on behalf of the remaining two petitioners because he is not an attorney admitted to practice law in the State of New York (*see Matter of Schulz v New York State Dept. of Envtl. Conservation*, 186 AD2d 941, 942 n [1992], *lv denied* 81 NY2d 707 [1993]; *see also Whitehead v Town House Equities, Ltd.*, 8 AD3d 369 [2004]). We further note that the motion of the Planning Board seeking to dismiss this appeal as moot was denied by this Court, with leave to renew the motion at oral argument of the appeal. The Planning Board in fact renewed the motion at oral argument, and we again deny it.

On the merits of the standing issue, we agree with Dunsmoor that Supreme Court erred in determining that he lacks standing to bring this proceeding. Dunsmoor, who resides across the street from the proposed development, has alleged that he may suffer environmental harm as a result of the Planning Board's decision to permit the developer to utilize a private sewage treatment plant on the proposed development, rather than utilizing the City of Oswego's public sewer system. The record establishes that Dunsmoor owns property that is 697 feet from the property line of the proposed development and 1,242 feet from the edge of the development. Thus, he is " 'arguably within the zone of interest to be protected by [article 8 of the Environmental Conservation Law]' . . . and [has] standing to seek judicial review 'without pleading and proving special damage, because adverse effect or aggrievement can be inferred from the proximity' " (*Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret*, 286 AD2d 906, 906-907 [2001]). We therefore reverse the judgment insofar as appealed from, reinstate the petition with respect to Dunsmoor, and remit the matter to Supreme Court for further proceedings thereon. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.