■ In the Matter of SONYA SHAPIRO et al., Appellants, v TOWN OF RAMAPO et al., Respondents. [950 NYS2d 154]—

In a proceeding pursuant to CPLR article 78 to review three determinations of the Town Board of the Town of Ramapo, all dated January 25, 2010, resolving to approve a findings statement pursuant to the State Environmental Quality Review Act (ECL article 8) in connection with a proposed development project, to amend the Comprehensive Plan of the Town of Ramapo so as to permit the development project, and to rezone the real property on which the development project is proposed to be constructed, respectively, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Jamieson, J.), entered October 19, 2010, which granted those branches of the motion of the Town of Ramapo, and the separate motion of Scenic Development, LLC, which were pursuant to CPLR 3211 (a) (5) and (7) and 7804 (f) to dismiss the first cause of action, and pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the second, third, and fourth causes of action, dismissed the first cause of action as time-barred, and dismissed the second, third, and fourth causes of action for lack of standing and on the merits.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions which were pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the second, third, and fourth causes of action and dismissing those causes of action for lack of standing and on the merits, and substituting therefor provisions denying those branches of the separate motions; as so modified, the or-

der and judgment is affirmed, without costs or disbursements, the second, third, and fourth causes of action are reinstated, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings on those causes of action consistent herewith, and the respondents' time to serve and file an answer to those causes of action and the time of the Town of Ramapo to file the complete administrative record are extended until 20 days after service upon them of a copy of this decision and order (see CPLR 7804 [e], [f]).

In July 2001, the Town Board of the Town of Clarkstown adopted a resolution authorizing the sale of certain real property that it owned in the Town of Ramapo (hereinafter the Town), known as Patrick Farm (hereinafter the site), to Scenic Development, LLC (hereinafter Scenic), a private developer. Subsequently, in 2008, Scenic applied to the Town Board of the Town of Ramapo (hereinafter the Town Board) for amendments to the Town's zoning map and Comprehensive Plan to permit the development of multifamily residential units on a portion of the site. In January 2010, the Town Board enacted Local Law No. 1 (2010) of Town of Ramapo (hereinafter the Local Law) to amend the Town's zoning map, changing the zoning designation of a certain parcel on the site from R-40 residential to MR-8 multifamily residential.

In May 2010, the petitioners, who live across the street from the site, commenced this proceeding pursuant to CPLR article 78 to review the Town Board's determinations leading up to the enactment of the Local Law. In the first cause of action, the petitioners alleged that the site was dedicated parkland that had been alienated for nonpark purposes without the approval of the New York State Legislature, in violation of the public trust doctrine (see Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 630 [2001]). The remaining causes of action centered upon the Town Board's alleged failure to comply with the requirements of the State Environmental Quality Review Act (ECL article 8 [hereinafter SEQRA]). Prior to answering the petition, the Town and Scenic separately moved, inter alia, pursuant to CPLR 3211 (a) (5) and 7804 (f) to dismiss the first cause of action as time-barred, and pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the remaining causes of action for lack of standing. The Supreme Court granted those branches of the motions. In addition to holding that the petitioners lacked standing to assert the second, third, and fourth causes of action, the Supreme Court also determined that those causes of action lacked merit and warranted dismissal for that reason as well. The Supreme Court therefore dismissed the proceeding insofar

as asserted against all of the respondents. The petitioners appeal, and we modify.

As the petitioners correctly contend, a declaratory judgment action is the proper vehicle for resolving the first cause of action, founded upon the public trust doctrine, and the cause of action is governed by the six-year limitations period set forth in CPLR 213 (1) (*see Matter of Jones v Amicone*, 27 AD3d 465, 469-470 [2006]; *see generally Solnick v Whalen*, 49 NY2d 224, 229 [1980]; *Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d 83, 90-91 [2011]). However, since the petitioners commenced this proceeding in May 2010, more than six years after July 2001, when the Town Board of the Town of Clarkstown authorized the sale of the alleged parkland to Scenic, those branches of the separate motions which were to dismiss the first cause of action as time-barred were properly granted.

However, the Supreme Court erred in granting those branches of the motions which were pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the second, third, and fourth causes of action for the petitioners' lack of standing to assert those causes of action, which alleged a failure to comply with the requirements of SEQRA. Since the petitioners live in close proximity to the portion of the site that is the subject of the challenged determinations, they did not need to show actual injury or special damage to establish standing (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687 [1996]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 409-410, 413-414 [1987]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 89-90 [2007]; *Matter of Ontario Hgts. Homeowners Assn. v Town of Oswego Planning Bd.*, 77 AD3d 1465, 1466 [2010]). Further, the injuries alleged by the petitioners fell within the zone of interests to be protected by SEQRA (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d at 687; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-775 [1991]; *Matter of Bloodgood v Town of Huntington*, 58 AD3d 619, 621 [2009]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 94).

Moreover, it was error for the Supreme Court to reach the merits of the petitioners' SEQRA claims prior to service of the respondents' answers and the filing of the full administrative record (*see* CPLR 7804 [e], [f]). On the appellate record before us, it cannot be said that "the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the fail-

ure to require an answer" (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 101 [1984]; *see Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699-700 [2011]; *cf. Matter of Shellfish, Inc. v New York State Dept. of Envtl. Conservation*, 76 AD3d 975, 978-979 [2010]; *Matter of Laurel Realty, LLC, v Planning Bd. of Town of Kent*, 40 AD3d 857, 860 [2007]).

Contrary to the respondents' contention, the petitioners' submissions demonstrated that their arguments were advanced during the administrative proceeding (*cf. Matter of Miller v Kozakiewicz*, 300 AD2d 399, 400 [2002]; *Matter of Schodack Concerned Citizens v Town Bd. of Town of Schodack*, 148 AD2d 130, 135 [1989]; *Aldrich v Pattison*, 107 AD2d 258, 267-268 [1985]).

The parties' remaining contentions need not be reached in light of our determination.

Accordingly, the matter must be remitted to the Supreme Court, Rockland County, for a determination on the merits of the second, third, and fourth causes of action after the respondents serve and file their answers to those causes of action and the Town files the complete administrative record. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.