Appeal from a judgment (denominated order and judgment) of the Supreme Court, Seneca County (W. Patrick Falvey, A.J.), entered September 18, 2014 in a CPLR article 78 proceeding. The judgment dismissed the petition.
It is hereby ordered that the judgment so appealed from is reversed on the law without costs, and the petition is granted.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the negative declaration issued by respondent Town of Tyre Town Board (Town Board) on June 12, 2014 under the State Environmental Quality Review Act ([SEQRA] ECL art 8) with respect to the proposed construction of the Lago Resort and Casino. Respondents filed answers seeking dismissal of the petition. Following additional written submissions and oral argument, Supreme Court dismissed the petition. We conclude that the court erred in doing so, and we therefore reverse.
We agree with petitioners that the negative declaration issued on June 12, 2014 failed to contain a written “reasoned elaboration” as required by Department of Environmental Conservation Regulations (6 NYCRR) § 617.7 (b) (4). Although the Town Board issued the negative declaration at the June 12, 2014 meeting, the record establishes that special counsel for the Town of Tyre subsequently prepared an attachment entitled “Reasons Supporting the Determination of Significance in Part *1571 3 of Full Environmental Assessment Form.” According to submissions made by special counsel in support of respondents’ answers seeking dismissal of the petition, the attachment was prepared to “explain [ ] the findings made by the Town Board at the meeting and the rationale for the Negative Declaration.” Notably, the attachment was not provided to the members of the Town Board until July 11, 2014. Moreover, the record establishes that the Town Board has never passed a resolution approving and/or adopting the attachment as part of its negative declaration. Nonetheless, respondents contend, and the court agreed, that there was compliance with SEQRA’s procedural mandates. We reject that contention.
It is well settled that SEQRA’s procedural mechanisms mandate strict compliance, and anything less will result in annulment of the lead agency’s determination of significance (see Matter of King v Saratoga County Bd. of Supervisors, 89 NY2d 341, 347 [1996]). “[L]iteral rather than substantial compliance with SEQRA is required” (Matter of Badura v Guelli, 94 AD2d 972, 972 [1983]; see Matter of Tapper v City of Syracuse, 46 AD3d 1343, 1344 [2007], lv denied 10 NY3d 709 [2008]). Here, 6 NYCRR 617.7 (b) (4) requires that, in making the determination of significance, the lead agency — in this case the Town Board — must “set forth its determination of significance in a written form containing a reasoned elaboration and providing reference to any supporting documentation.” We conclude that the intent of the regulation is to focus and facilitate judicial review and, of no lesser importance, to provide affected landowners and residents with a clear, written explanation of the lead agency’s reasoning at the time the negative declaration is made. We reject respondents’ contention that we should search the entire record to discern the Town Board’s reasoning as of June 12, 2014 in making the determination to issue the negative declaration. “A record evincing an extensive legislative process ... is neither a substitute for strict compliance with SEQRA’s [written] reasoned elaboration requirement nor sufficient to prevent annulment” (Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 82 AD3d 1377, 1379 [2011]). We therefore reverse the judgment and grant the petition, thereby annulling the negative declaration and vacating the site plan approval and all related resolutions.
In light of our determination, we do not address petitioners’ remaining contentions. Carni and DeJoseph, JJ., concur.
Centra, J.R, concurs in the following memorandum.