DIANE M. GLADSTONE et al., Appellants, v THOMAS FALLON, Respondent. [29 NYS3d 843]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered December 4, 2014. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order granting defendant's motion for summary judgment dismissing the complaint, which seeks to recover damages for personal injuries allegedly sustained by Diane M. Gladstone (plaintiff) as a result of defendant's allegedly negligently shaking her hand. We conclude that Supreme Court properly granted the motion. Defendant met his burden on the motion by demonstrating that it was not foreseeable that plaintiff might be injured as a result of the handshake (*see generally Di Ponzio v Riordan*, 89 NY2d 578, 583-586 [1997]), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Foreseeability of risk is an essential element of a fault-based negligence cause of action because the community deems a person at fault only when the injury-producing occurrence is one that could have been anticipated" (*Di Ponzio*, 89 NY2d at 583). "It is [required only] that the care be commensurate with the risk and danger" (*Nussbaum v Lacopo*, 27 NY2d 311, 319 [1970]). Here, "plaintiff failed to show that the act of this [defendant] as to [her] had possibilities of danger so many and apparent as to entitle [her] to be protected against the doing of it . . . Against this kind of unlikely misfortune, the law does not confer protection" (*id.*). We thus conclude that defendant cannot be held liable for his alleged negligence in shaking hands with plaintiff (*see generally Johnson v Vetter*, 11 Pa D & C 4th 24, 24-29 [Ct of Common Pleas of Pa, Lancaster County 1991]). Present—Whalen, P.J., Peradotto, Lindley, DeJoseph and NeMoyer, JJ.

In the Matter of ANN MEYER et al., Appellants, v ZONING BOARD OF APPEALS OF CITY OF UTICA et al., Respondents. [31 NYS3d 385]—

Appeal from a judgment of the Supreme Court, Oneida County (David A. Murad, J.), entered May 12, 2015 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition in its entirety.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this CPLR article 78 proceeding, petitioners appeal from a judgment dismissing their petition seeking, inter alia, to annul the determination granting the application of respondent Stewart's Shops Corp. (Stewart's) for a use variance to construct a "vehicle service station with an accessory retail establishment" on the subject property. We affirm.

We reject petitioners' contention that the determination to grant the use variance lacks a rational basis and is not supported by substantial evidence (*see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). Stewart's established that "applicable zoning regulations and restrictions have caused unnecessary hardship," i.e., that it could not realize a reasonable return with respect to the property, that the hardship was unique, that the variance would not alter the essential character of the neighborhood, and that the hardship was not self-created (General City Law § 81-b [3] [b] [i]-[iv]).

We further conclude that respondent Zoning Board of Appeals of City of Utica (ZBA) complied with the requirements of the State Environmental Quality Review Act (ECL art 8) in issuing a negative declaration. Contrary to petitioners' contention, we conclude that the ZBA properly "identified the relevant areas of environmental concern . . . [and] took a 'hard look' at them" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). Petitioners' contention that there was no reasoned elaboration underlying the ZBA's determination is not preserved for our review inasmuch as petitioners failed to raise that issue in their petition (*see generally Matter of Blue Lawn v County of Westchester*, 293 AD2d 532, 534 [2002], *lv denied* 98 NY2d 607 [2002]). In any event, we conclude that the contention is without merit (*see id.*; *cf. Matter of Dawley v Whitetail 414, LLC*, 130 AD3d 1570, 1571 [2015]).

We have considered petitioners' remaining contention and conclude that it is without merit. Present—Whalen, P.J., Peradotto, Lindley, DeJoseph and NeMoyer, JJ.