# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**426**
**CA 15-00871**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF ANN MEYER AND 1262 CULVER
AVENUE REALTY, LLC, PETITIONERS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

ZONING BOARD OF APPEALS OF CITY OF UTICA,
STEWART'S SHOPS CORP., CARLTON J. BURTH AND
JAMES STASAITIS, RESPONDENTS-RESPONDENTS.

---

WOODS OVIATT GILMAN, LLP, ROCHESTER (REUBEN ORTENBERG OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

WILLIAM M. BORRILL, CORPORATE COUNSEL, UTICA (KATHRYN HARTNETT OF
COUNSEL), FOR RESPONDENT-RESPONDENT ZONING BOARD OF APPEALS OF CITY OF
UTICA.

MILLER, MANNIX, SCHACHNER & HAFNER, LLC, GLENS FALLS (LEAH EVERHART OF
COUNSEL), FOR RESPONDENT-RESPONDENT STEWART'S SHOPS CORP.

----------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Oneida County (David
A. Murad, J.), entered May 12, 2015 in a proceeding pursuant to CPLR
article 78. The judgment dismissed the petition in its entirety.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: In this CPLR article 78 proceeding, petitioners
appeal from a judgment dismissing their petition seeking, inter alia,
to annul the determination granting the application of respondent
Stewart's Shops Corp. (Stewart's) for a use variance to construct a
"vehicle service station with an accessory retail establishment" on
the subject property. We affirm.

We reject petitioners' contention that the determination to grant
the use variance lacks a rational basis and is not supported by
substantial evidence (*see generally Matter of Pecoraro v Board of
Appeals of Town of Hempstead*, 2 NY3d 608, 613). Stewart's established
that "applicable zoning regulations and restrictions have caused
unnecessary hardship," i.e., that it could not realize a reasonable
return with respect to the property, that the hardship was unique,
that the variance would not alter the essential character of the
neighborhood, and that the hardship was not self-created (General City
Law § 81-b [3] [b] [i] - [iv]).

        We further conclude that respondent Zoning Board of Appeals of
City of Utica (ZBA) complied with the requirements of the State
Environmental Quality Review Act (ECL art 8) in issuing a negative
declaration.  Contrary to petitioners' contention, we conclude that
the ZBA properly "identified the relevant areas of environmental
concern . . . [and] took a 'hard look' at them" (*Matter of Jackson v
New York State Urban Dev. Corp*., 67 NY2d 400, 417).  Petitioners'
contention that there was no reasoned elaboration underlying the ZBA's
determination is not preserved for our review inasmuch as petitioners
failed to raise that issue in their petition (*see generally Matter of
Blue Lawn v County of Westchester*, 293 AD2d 532, 534, *lv denied* 98
NY2d 607).  In any event, we conclude that the contention is without
merit (*see id.; cf. Matter of Dawley v Whitetail 414, LLC*, 130 AD3d
1570, 1571).

        We have considered petitioners' remaining contention and conclude
that it is without merit.


Entered:  May 6, 2016                           Frances E. Cafarell
                                                Clerk of the Court