Arie Gal, Doing Business as Star 
 Exemption Advisor, Respondent, 
against
Liya G. Gelman, Defendant and Barry Eden Gitarts, Appellant.




Barry Eden Gitarts, appellant pro se.
Hogan & Cassell, LLP, Michael Cassell, Esq., for respondent.

Appeal from a judgment of the District Court of Nassau County, Second District (James M. Darcy, J.), entered February 2, 2015. The judgment, insofar as appealed from, after a nonjury trial, awarded plaintiff the principal sum of $1,669 as against defendant Barry Eden Gitarts.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this small claims action, plaintiff seeks to recover for breach of a contract pursuant to which plaintiff rendered services on behalf of defendants which resulted in plaintiff's obtaining a school tax relief (STAR) exemption (see RPTL 425) for defendants. Following a nonjury trial, the District Court awarded judgment in favor of plaintiff in the principal sum of $1,669 as against both defendants. Defendant Barry Eden Gitarts (appellant) appeals from so much of the judgment as is against him.[FN1]


In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).

The uncontested evidence showed that defendants had entered into a signed written agreement with plaintiff whereby plaintiff would seek to obtain a STAR school tax exemption for them and, if plaintiff were successful, he would be entitled to a fee. It was further undisputed that plaintiff had performed his services pursuant to the agreement, that defendants had received the STAR reduction for the school year for which plaintiff had applied, and that defendants had failed to pay plaintiff for his services. Thus, plaintiff established, prima facie, a cause of action for breach of contract (see Maser Consulting, P.A. v Viola Park Realty, LLC, 91 AD3d 836 [2012]). While the proffered defense was that the contract was misleading and unconscionable, and should not be enforceable, appellant failed to meet his burden of establishing this defense. Moreover, appellant testified at trial that he had not read the agreement before signing it, which clearly stated when and how plaintiff would be entitled to a fee, and that plaintiff was not affiliated with any governmental agency.

Consequently, as plaintiff established, prima facie, his right to judgment against appellant in the principal sum of $1,669 (see Gal v Delgiorno, 50 Misc 3d 134[A], 2016 NY Slip Op 50046[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Gal v Powell, 47 Misc 3d 141[A], 2015 NY Slip Op 50616[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), we conclude that the judgment, insofar as appealed from, rendered substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807).

Iannacci, J.P., Tolbert and Brands, JJ., concur.

Paul Kenny
Chief Clerk
Decision Date: April 03, 2017



Footnotes

Footnote 1:Although the notice of appeal filed by defendant Barry Eden Gitarts purports to appeal on behalf of himself and defendant Liya G. Gelman, defendant Barry Eden Gitarts is not an attorney and, thus, is not authorized to represent defendant Liya G. Gelman (see CPLR 321; Matter of Ontario Hgts. Homeowners Assn. v Town of Oswego Planning Bd., 77 AD3d 1465 [2010]; Priegue v Paulus, 43 Misc 3d 135[A], 2014 NY Slip Op 50662[U], *1, n [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).