# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**580**

**CA 16-01413**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF ROCHESTER EASTSIDE RESIDENTS
FOR APPROPRIATE DEVELOPMENT, INC., AND
IGATOPSFY, LLC, PETITIONERS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

CITY OF ROCHESTER, CITY OF ROCHESTER ZONING
BOARD OF APPEALS, ROCHESTER CITY PLANNING
COMMISSION, CITY OF ROCHESTER DIRECTOR OF
PLANNING AND ZONING, STEVE CLEASON, ALDI, INC.,
CRLYN ACQUISITIONS, LLC, CBL, LLC, ET AL.,
RESPONDENTS-RESPONDENTS.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

BRIAN F. CURRAN, CORPORATION COUNSEL, ROCHESTER (MAUREEN K. GILROY OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS CITY OF ROCHESTER, CITY OF
ROCHESTER ZONING BOARD OF APPEALS, ROCHESTER CITY PLANNING
COMMISSION, AND CITY OF ROCHESTER DIRECTOR OF PLANNING AND ZONING.

WOODS OVIATT GILMAN LLP, ROCHESTER (REUBEN ORTENBERG OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS ALDI, INC., CRLYN ACQUISITIONS, LLC, AND CBL,
LLC.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Thomas A. Stander, J.), entered May 24, 2016 in a proceeding pursuant
to CPLR article 78. The judgment dismissed the amended petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the amended petition
is granted.

Memorandum: Petitioners commenced this CPLR article 78
proceeding seeking, inter alia, to annul the negative declaration
issued by respondent City of Rochester Director of Planning and Zoning
under the State Environmental Quality Review Act ([SEQRA] ECL art 8)
with respect to the proposed construction of an ALDI supermarket. We
agree with petitioners that Supreme Court should have granted the
amended petition.

As a threshold matter, we agree with petitioners that the court
erred in determining that they lack standing to bring this proceeding.
The record establishes that petitioner Igatopsfy, LLC owns property

that is less than 300 feet from the property line of the proposed construction project, and thus Igatopsfy is "arguably within the zone of interest to be protected by [SEQRA] . . . and [has] standing to seek judicial review without pleading and proving special damage, because adverse effect or aggrievement can be inferred from the proximity" (*Matter of Ontario Hgts. Homeowners Assn. v Town of Oswego Planning Bd.*, 77 AD3d 1465, 1466 [internal quotation marks omitted]; *see Matter of Shapiro v Town of Ramapo*, 98 AD3d 675, 677, *lv dismissed* 20 NY3d 994). The record further establishes that petitioner Rochester Eastside Residents for Appropriate Development, Inc. (RERAD) has "associational or organizational standing" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775). Two members of RERAD own property that is less than 500 feet from the property line of the proposed construction project, and thus they have standing to sue (*see Shapiro*, 98 AD3d at 677; *Ontario Hgts. Homeowners Assn.*, 77 AD3d at 1466; *see generally Society of Plastics Indus.*, 77 NY2d at 775), and RERAD established the other two requirements for associational or organizational standing set forth in *Society of Plastics Indus.* (*see generally id.* at 775).

We further agree with petitioners that the negative declaration did not contain a " 'reasoned elaboration' of the basis for [the] determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417). "It is well settled that SEQRA's procedural mechanisms mandate strict compliance, and anything less will result in annulment of the lead agency's determination of significance" (*Matter of Dawley v Whitetail 414, LLC*, 130 AD3d 1570, 1571; *see Matter of King v Saratoga County Bd. of Supervisors*, 89 NY2d 341, 347). The lead agency must "set forth its determination of significance in a written form containing a reasoned elaboration and providing reference to any supporting documentation" (6 NYCRR 617.7 [b] [4]; *see generally Jackson*, 67 NY2d at 417). The purpose of that regulation "is to focus and facilitate judicial review and . . . to provide affected landowners and residents with a clear, written explanation of the lead agency's reasoning at the time the negative declaration is made" (*Dawley*, 130 AD3d at 1571). Here, despite the undisputed presence of preexisting soil contamination on the project site, the negative declaration set forth no findings whatsoever with respect to that contamination. The document containing the purported reasoning for the lead agency's determination of significance, which was prepared subsequent to the issuance of the negative declaration, does not fulfill the statutory mandate (*see id.; cf. Matter of Hartford/North Bailey Homeowners Assn. v Zoning Bd. of Appeals of Town of Amherst*, 63 AD3d 1721, 1723, *lv denied in part and dismissed in part* 13 NY3d 901). Contrary to respondents' contention, the developer's promise to remediate the contamination before proceeding with construction did not absolve the lead agency from its obligations under SEQRA (*see generally Matter of Penfield Panorama Area Community v Town of Penfield Planning Bd.*, 253 AD2d 342, 349-350).

We therefore reverse the judgment and grant the amended petition, thereby annulling the negative declaration and vacating the variances granted by respondent City of Rochester Zoning Board of Appeals and

the special use permit granted by respondent Rochester City Planning Commission.  In light of our determination, we do not reach petitioners' remaining contentions.