Appeal from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), dated September 3, 2015. The judgment denied the petition filed pursuant to CPLR article 78 to review a determination of the Town of Wawayanda Planning Board which declined to direct the preparation of a supplemental environmental impact statement, and dismissed the proceeding.
 

 Ordered that the judgment is affirmed, with one bill of costs.
 

 In 2013, the Town of Wawayanda Planning Board (hereinafter the Planning Board) approved the site plan application of CPV Valley, LLC (hereinafter CPV), to build the CPV Valley Energy Center (hereinafter the Energy Center), a power plant that would be fueled primarily by natural gas. In 2015, CPV submitted an amended site plan application to the Planning Board. At the public hearing held on the amended application, opponents of the Energy Center project contended that the Planning Board should direct the preparation of a supplemental environmental impact statement (hereinafter SEIS). The Planning Board determined that no SEIS was necessary, and approved the amended application.
 

 The petitioners, who all live within one eighth of a mile of the proposed Energy Center site, subsequently commenced this CPLR article 78 proceeding to review the Planning Board’s determination. Thereafter, CPV withdrew its amended site plan application, and stated that it would proceed with construction under the original site plan. The Planning Board interposed an answer to the petition with objections in point of law, and CPV moved to dismiss the CPLR article 78 proceeding, both arguing that the withdrawal of the amended site plan application rendered the proceeding academic. The Supreme Court determined that the proceeding was not academic, struck the Planning Board’s objection on this ground, and denied CPV’s motion to dismiss the proceeding. In a judgment dated September 3, 2015, the court denied the petition on the merits and dismissed the proceeding. The petitioners appeal from the judgment.
 

 Contrary to the contentions of CPV and the Planning Board, CPFs withdrawal of its amended site plan application did not render this proceeding academic. Although the opponents of the Energy Center project asked the Planning Board to direct the preparation of a SEIS while the Planning Board was considering the amended site plan application, the request for a SEIS and the amended application were not inextricably linked. The request for a SEIS was not based on the proposed changes to the site plan, but on purportedly newly discovered information regarding the project’s potential impact on certain animal habitats and human health. Newly discovered information is a proper basis for directing the preparation of a SEIS even where it is not related to proposed changes to a project {see 6 NYCRR 617.9 [a] [7] [i] [b]). Accordingly, since the request for a SEIS was not based on the amended site plan application, the withdrawal of the amended site plan application did not render this proceeding academic (see Matter of In Defense of Animals v Vassar Coll., 121 AD3d 991, 992 [2014]).
 

 “Judicial review of an agency determination under SEQRA,” including review of a determination that no SEIS is necessary, “is limited to whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination” (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007] [internal quotation marks omitted]). “It is not the province of the courts to second-guess thoughtful agency decisionmaking and, accordingly, an agency decision should be annulled only if it is arbitrary, capricious or unsupported by the evidence” {id. at 232).
 

 Here, the Planning Board’s determination that no SEIS was necessary was not arbitrary, capricious, or unsupported by the evidence {see id.). First, the opponents of the Energy Center project contended that a SEIS was required because a species known as the northern long-eared bat had been newly listed by the United States Fish and Wildlife Service as a threatened species. However, the impact of the Energy Center project on the habitat of a species known as the Indiana bat was thoroughly studied and mitigation measures were put in place in conjunction with CPV’s initial site plan application. According to a bulletin from the United States Fish and Wildlife Service that was annexed to the petition, the best management practices for these two bat species is expected to be “very similar.” Because the environmental studies already conducted and the mitigation measures already in place for the Indiana bat were expected to be “very similar” to those applicable to the northern long-eared bat, it was not arbitrary and capricious for the Planning Board to decline to direct the preparation of a SEIS addressing this species.
 

 Second, it was not arbitrary and capricious for the Planning Board to decline to direct the preparation of a SEIS addressing the habitat of a species known as the bog turtle. The potential for the presence of a bog turtle habitat on the proposed Energy Center site was studied during the review of CPV’s initial site plan application, and the resulting surveys demonstrated that, because key elements of bog turtle habitat were missing on the property, it was unlikely that bog turtles would inhabit the site. The evidence submitted in support of the request for a SEIS, namely, an attack on the expertise of the consultants who conducted the original bog turtle habitat surveys and evidence that there was a suitable bog turtle habitat near the proposed Energy Center site, did not demonstrate that a SEIS was necessary. The Planning Board had the discretion to weigh and evaluate the credibility of the reports and comments submitted to it, and thus was not required to credit the claim that the initial surveyors lacked expertise in the area of bog turtle habitat (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 231). Further, the discovery of a suitable bog turtle habitat near the proposed site did not demonstrate that the studies of the proposed Energy Center site were inadequate (see 6 NYCRR 617.9 [a] [7] [i]).
 

 Third, it was not arbitrary and capricious for the Planning Board to decline to direct the preparation of a SEIS based on a study suggesting a link between autism and prenatal exposure to fine particulates that would be emitted by the Energy Center. In approving the original site plan application, the Planning Board rationally relied on modeling that showed that the anticipated level emissions of fine particulates from the Energy Center would fall below federal limits, and there was no indication from the study that this was no longer the case (see Matter of Spitzer v Farrell, 100 NY2d 186, 191 [2003]).
 

 Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
 

 Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.