Matter of McGraw v Town Bd. of Town of Villenova (2020 NY Slip Op 04644)





Matter of McGraw v Town Bd. of Town of Villenova


2020 NY Slip Op 04644


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


238 CA 19-01362

[*1]IN THE MATTER OF MICHAEL MCGRAW, KATHRYN MCGRAW, ANGELO GRAZIANO, NINA GRAZIANO, J. DUDLEY ROBINSON, DIANA ERMER, MARTIN HUBER, NANCY HUBER, RICHARD IVORY, THOMAS IVORY, ALAN CROWELL, MARILYN CROWELL, SUSAN BALDWIN, JULIE DELCAMP, ROBIN DELCAMP, DAVID HORNBURG, ROBERT MCGRAW AND JOSEPH IVORY, PETITIONERS-RESPONDENTS,
v
TOWN BOARD OF TOWN OF VILLENOVA, BALL HILL WIND ENERGY, LLC AND RENEWABLE ENERGY SYSTEMS AMERICAS, RESPONDENTS-APPELLANTS. 






HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENT-APPELLANT TOWN BOARD OF TOWN OF VILLENOVA.
NIXON PEABODY LLP, BUFFALO (LAURIE STYKA BLOOM OF COUNSEL), FOR RESPONDENT-APPELLANT BALL HILL WIND ENERGY, LLC AND RENEWABLE ENERGY SYSTEMS AMERICAS. 
LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeals from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered July 22, 2019 in a CPLR article 78 proceeding. The judgment, insofar as appealed from, granted the petition in part. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs and the petition is denied in its entirety.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to void an approval made by respondent Town Board of Town of Villenova (Town Board) of a local law and the grant of a special use permit to respondent Ball Hill Wind Energy, LLC (Ball Hill) to construct wind turbines up to 599 feet in height in the Town of Villenova. Petitioners own property in the vicinity of the project. By way of background, a draft environmental impact statement (EIS) for the project was accepted by the Town Board in 2008, and a supplemental EIS (SEIS) was prepared and accepted by the Town Board in 2016. A final EIS was completed later that year for the 29 proposed turbines at a maximum height of 492 feet; the plan included a 5.7-mile overhead transmission line. The Town Board approved the final EIS in November 2016, adopted local laws related to the approval of the project, and granted Ball Hill a special use permit. No judicial challenge was made to those determinations. In 2018, Ball Hill applied to modify the special use permit and amend the local laws to increase the maximum height for the turbines to 599 feet and to replace the overhead transmission line with underground circuits. The Town Board determined that a second SEIS was unnecessary and approved the full environmental assessment form and issued a negative declaration. The Town Board also amended the relevant local laws and special use permit.
In their CPLR article 78 petition, petitioners asserted three causes of action: violation of the State Environmental Quality Review Act (SEQRA); violation of General Municipal Law article 18; and violation of Town of Villenova ordinances. Supreme Court, inter alia, granted petitioners' first cause of action regarding SEQRA, holding that the Town Board did not take a [*2]hard look at the effect that the increase in height of the turbines could have on the bald eagle population and the environmental impact of the placement of the electrical lines underground. Respondents appeal, and we now reverse the judgment insofar as appealed from and deny the petition in its entirety.
During the SEQRA process, a SEIS may be required to address "specific significant adverse environmental impacts not addressed or inadequately addressed in the EIS," arising from, inter alia, changes in the project (6 NYCRR 617.9 [a] [7] [i]). A decision to require a SEIS "must be based upon . . . the importance and relevance of the information; and . . . the present state of the information in the EIS" (6 NYCRR 617.9 [a] [7] [ii]). "A lead agency's determination whether to require a SEIS—or in this case a second SEIS—is discretionary" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231 [2007]), and such determination "should be annulled only if it is arbitrary, capricious, or unsupported by the evidence" (id. at 232).
We conclude that the Town Board "took a hard look at the areas of environmental concern and made a reasoned elaboration of the basis for its conclusion that a second SEIS was not necessary" (id. at 233). The Town Board's discretionary determination was not arbitrary, capricious, or unsupported by the evidence (see Matter of Viserta v Town of Wawayanda Planning Bd., 156 AD3d 797, 798-799 [2d Dept 2017]; Matter of South Bronx Unite! v New York City Indus. Dev. Agency, 115 AD3d 607, 609-610 [1st Dept 2014], lv denied 24 NY3d 908 [2014]). The prior submissions concerning the impact of the project on bald eagles, combined with the updated materials submitted with the latest project modification, were sufficient to establish that the proposed changes would not adversely impact bald eagles. The materials established that collisions between raptors and wind turbines are rare, and that even the higher, 599-foot turbines lie below the normal flight altitude of bald eagles. With respect to the buried electrical transmission lines, the materials showed that such a modification would have a significant positive environmental impact, reducing the effect of the project on wetlands. We have reviewed petitioners' remaining arguments regarding the SEQRA review as alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), and conclude that they are without merit.
Petitioners further contend that they are entitled to relief under the second and third causes of action in their petition. The court did not rule on those causes of action, and a court's failure to rule on requests for relief in a petition are deemed a denial thereof (see Matter of Burkwit v Olson, 98 AD3d 1236, 1238 [4th Dept 2012]; see also Bennett Rd. Sewer Co. v Town Bd. of Town of Camillus, 243 AD2d 61, 67 [4th Dept 1998]). Those causes of action sought relief different from the relief sought in the first cause of action, and the court's judgment therefore did not grant petitioners "the full relief sought" (Parochial Bus Sys., 60 NY2d at 545). Thus, petitioners are aggrieved by the court's failure to rule on the requests for relief under the second and third causes of action and, in the absence of a cross appeal from petitioners, those issues are not properly before us (see Matter of Feldman v Planning Bd. of the Town of Rochester, 99 AD3d 1161, 1165 [3d Dept 2012]; cf. Matter of Adrian v Board of Educ. of City School Dist. of City of Niagara Falls, 92 AD3d 1272, 1273 [4th Dept 2012], affd 20 NY3d 540 [2013]; Matter of Foreman v Goord, 302 AD2d 817, 817 [3d Dept 2003]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court