Matter of Renew 81 for All v New York State Dept. of Transp. (2024 NY Slip Op 00540)

Matter of Renew 81 for All v New York State Dept. of Transp.

2024 NY Slip Op 00540

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

916 CA 23-00388

[*1]IN THE MATTER OF RENEW 81 FOR ALL, BY ITS PRESIDENT FRANK L. FOWLER, CHARLES GARLAND, GARLAND BROTHERS FUNERAL HOME, NATHAN GUNN, ANN MARIE TALIERCIO, TOWN OF DEWITT, TOWN OF SALINA, PETITIONERS-RESPONDENTS-APPELLANTS, AND TOWN OF TULLY, PETITIONER-RESPONDENT,
v
NEW YORK STATE DEPARTMENT OF TRANSPORTATION, MARIE THERESE DOMINGUEZ, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF NEW YORK STATE DEPARTMENT OF TRANSPORTATION, NICOLAS CHOUBAH, P.E., IN HIS OFFICIAL CAPACITY AS NEW YORK STATE DEPARTMENT OF TRANSPORTATION CHIEF ENGINEER, MARK FRECHETTE, P.E., IN HIS OFFICIAL CAPACITY AS NEW YORK STATE DEPARTMENT OF TRANSPORTATION I-81 PROJECT DIRECTOR, RESPONDENTS-APPELLANTS-RESPONDENTS, AND CITY OF SYRACUSE, INTERVENOR-APPELLANT-RESPONDENT. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MEREDITH G. LEE-CLARK OF COUNSEL), FOR RESPONDENTS-APPELLANTS-RESPONDENTS.
SUSAN KATZOFF, CORPORATION COUNSEL, SYRACUSE (DANIELLE R. SMITH OF COUNSEL), FOR INTERVENOR-APPELLANT-RESPONDENT.
KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR PETITIONERS-RESPONDENTS-APPELLANTS.
GUADALUPE V. AGUIRRE, NEW YORK CITY, FOR NEW YORK CIVIL LIBERTIES UNION FOUNDATION, AMICUS CURIAE.
MONACO COOPER LAMME & CARR PLLC, ALBANY (JONATHAN E. HANSEN OF COUNSEL), FOR NEW YORK STATE MOTOR TRUCK ASSOCIATION, INC., DOING BUSINESS AS THE TRUCKING ASSOCIATION OF NEW YORK, AMICUS CURIAE.

 Appeals and cross-appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered February 14, 2023, in a proceeding pursuant to CPLR article 78. The judgment granted in part the petition and supplemental petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by dismissing the petition and supplemental petition in their entirety and, as modified, the judgment is affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul certain approvals made by respondents, New York State Department of Transportation (DOT) and certain of its officials, in connection with a joint federal-state project (Project) to reconfigure the viaduct portion of Interstate 81 (I-81) in Syracuse. Petitioners alleged that respondents failed to comply with governing environmental laws, including the State [*2]Environmental Quality Review Act (SEQRA). Respondents and intervenor-appellant-respondent City of Syracuse (City) appeal and petitioners-respondents-appellants (petitioners) cross-appeal from a judgment that granted the petition and the supplemental petition to the extent of requiring respondents to issue a Supplemental Environmental Impact Statement (SEIS) addressing certain alleged deficiencies in the Final Environmental Impact Statement (FEIS), permitting respondents to proceed with specified contracted work on the Project but precluding certain demolition activities, and directing respondents to continue to perform necessary maintenance for the Project area, but otherwise denied the petition.
"Judicial review of an agency determination under SEQRA is limited to whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007] [internal quotation marks omitted]; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]). "[A]n agency's substantive obligations under SEQRA must be viewed in light of a rule of reason. Not every conceivable environmental impact, mitigating measure or alternative must be identified and addressed before a FEIS will satisfy the substantive requirements of SEQRA" (Jackson, 67 NY2d at 417 [internal quotation marks omitted]). Thus, an agency's determination will be upheld if "it is not arbitrary, capricious, or unsupported by substantial evidence" (Matter of Davis v Zoning Bd. of Appeals of City of Buffalo, 177 AD3d 1331, 1333 [4th Dept 2019]; see Jackson, 67 NY2d at 417).
Initially, we agree with petitioners on their cross-appeal that, to the extent that Supreme Court determined that respondents failed to comply with the requirements of SEQRA, the court erred in directing respondents to address the alleged deficiencies in their consideration of the environmental impact of the Project on air quality and stormwater management in a SEIS rather than annulling the challenged approvals (see Matter of Rochester Eastside Residents for Appropriate Dev., Inc. v City of Rochester, 150 AD3d 1678, 1679-1680 [4th Dept 2017]). We nonetheless agree with respondents on their appeal that, contrary to the court's determination and petitioners' further contentions on their cross-appeal, respondents complied with their substantive obligations under SEQRA inasmuch as they took the requisite " 'hard look' " at the relevant environmental factors, including air quality and stormwater management, and "made a 'reasoned elaboration' of the basis for [their] determination" (Jackson, 67 NY2d at 417). Further, "the degree of detail with which each factor [was] discussed . . . [was commensurate] with the circumstances and nature of the [Project]" (id.). We therefore modify the judgment by dismissing the petition in its entirety.
We also agree with respondents and the City on their respective appeals that, even assuming, arguendo, that all petitioners have standing to raise this challenge, the court erred in directing respondents to prepare a SEIS addressing the effect of the anticipated development of a semiconductor manufacturing campus north of the Project area that was announced after the FEIS was completed. Pursuant to 6 NYCRR 617.9 (a) (7) (i), a lead agency such as DOT "may require" a SEIS to address specific adverse environmental impacts not otherwise adequately addressed in the FEIS that arise as a result of, inter alia, newly discovered information or a change in circumstances. "A lead agency's determination whether to require a SEIS . . . is discretionary" (Riverkeeper, Inc., 9 NY3d at 231; see Matter of McGraw v Town Bd. of Town of Villenova, 186 AD3d 1014, 1015 [4th Dept 2020]). Thus, to the extent that petitioners sought relief in the form of mandamus to compel respondents to perform a SEIS, they failed to establish "a clear legal right to the relief demanded" in the absence of "a corresponding nondiscretionary duty" on respondents' part (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757 [1991]). Further, to the extent that respondents' failure to respond to petitioners' request to conduct a SEIS constituted a constructive denial thereof, we conclude that the discretionary denial was not arbitrary and capricious in light of the absence of evidence in the record that sufficient concrete information on the anticipated semiconductor manufacturing campus project existed to permit effective review at that time (see McGraw, 186 AD3d at 1015; see generally Riverkeeper, Inc., 9 NY3d at 232). We therefore further modify the judgment by dismissing the supplemental petition.
We have considered petitioners' remaining contentions and conclude that they are without merit.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court